IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00634-BNB

CHARLES BLANDIN,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2011

GREGORY C. LANGHAM
                     CLERK

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Charles Blandin, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Blandin initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Mr. Blandin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of administrative remedies. If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer,

or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the administrative record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted administrative remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of administrative remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED March 23, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AMENDED CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00634-BNB

Charles Blandin
Reg. No. 05340-090
USP Florence
PO Box 7000
Florence, CO 81226

Charles Daniels, Warden - **CERTIFIED**
USP Florence - High
PO Box 7500
Florence, CO 81226

United States Attorney General - **CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Ms. Rene Garcia, Warden; to Mr. Harley Lappin, Director FBOP; to The United States Attorney General; and to the United States Attorney's Office: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 3/14/11 on March 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk